UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PIERRE Q. PULLINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01312-JPH-MPB |
| | ) | |
| INDIANAPOLIS STAR INC., | ) | |
| GANNETT INC., | ) | |
| | ) | |
| Defendants. | ) | |

**SHOW CAUSE ORDER**

Plaintiff Pierre Pullins has filed a complaint alleging that Defendants committed libel by censoring his comments about Congressman Carson in a conspiracy with other news outlets. Dkt. 1. He does not specify the damages he seeks.

Federal courts are courts of limited jurisdiction. In order to hear and rule on the merits of a case, a federal court must have subject-matter jurisdiction over the issues. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). If the Court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); *see Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte*.").

The Court does not appear to have jurisdiction over Mr. Pullins's claims. The Supreme Court has explained the two basic ways to establish subject-matter jurisdiction:

1

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations and quotation omitted).

Mr. Pullins does not allege diversity jurisdiction, and he lists an Indiana address, so it appears that the Court cannot exercise diversity jurisdiction under 28 U.S.C. § 1332.

Nor can the Court discern any federal claims in the complaint. Libel is a state-law claim, *see Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 394 n.3 (7th Cir. 2019), and Mr. Pullins does not allege a conspiracy involving state actors, *see Carpenter v. PNC Bank, Nat. Assn.*, 633 Fed. App'x 346, 347 (7th Cir. 2016). Nor do brief, unexplained references to "conspiracy" and "equal protection" invoke federal jurisdiction. *Young-Smith v. Holt*, 575 Fed. App'x 680, 682 (7th Cir. 2014). So Mr. Pullins has not established federal-question jurisdiction.

Mr. Pullins shall have **through June 15, 2020** to file an amended complaint or otherwise show cause why this case should not be dismissed for lack of subject-matter jurisdiction. In doing so, he must clearly show (1) the federal law giving rise to his claims, (2) that the parties are of diverse

citizenship, or (3) another basis for the Court's jurisdiction. If Mr. Pullins does not respond, the Court will dismiss this case without prejudice for lack of subject-matter jurisdiction.

**SO ORDERED.**

Date: 5/15/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

PIERRE Q. PULLINS
6120 Westlake Dr. N.
Apt. B
Indianapolis, IN 46224